IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:95-CR-83-10-BO

| | |
|---|---|
| UNITES STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL LEE MILTON, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on defendant's *pro se* motion to reconsider the denial of a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) (Crack Cocaine Offense) [DE 403]. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

Defendant pled guilty to conspiracy to possess with intent to distribute cocaine base (crack) (count 1) and to use and carry of a firearm during and in relation to a drug trafficking crime and aid and abet each other in so doing (count 9) on September 13, 1995. On April 9, 1996, defendant was sentenced to 60 months' imprisonment as to count 1 and 120 months' imprisonment as to count 9 consecutive. He also received a total of 5 years supervised release. On December 8, 2008, defendant was released from prison on supervised release. On February 29, 2012, the United States Probation Office moved for revocation of defendant's supervised release. [DE 345]. On May 9, 2012, the Court noted that defendant violated the terms and conditions of the judgment, but denied the revocation motion and continued defendant on supervised release. [DE 354]. On March 25, 2013, the Probation Office again moved for the revocation of defendant's supervised release. [DE 361]. The Court granted that motion, revoked

supervision, and sentenced defendant to 42 months' imprisonment on May 3, 2013. [DE 370]. On December 20, 2013, defendant filed a *pro se* motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582. [DE 380]. On April 18, 2014, the Court denied that motion. [DE 387]. On June 3, 2014, defendant filed the instant *pro se* motion for reconsideration pursuant to FED. R. CIV. P. 59(e).

## DISCUSSION

Defendant did not file his motion under § 3582 until after he had fully served his original sentence of conviction and term of incarceration and was incarcerated for violating the terms and conditions of the original judgment pursuant to the revocation of his supervised release. As such the relief he seeks – the recalculation and resentencing of his original prison sentence – is unavailable to him. His argument that had he been properly resentenced while still incarcerated, he would have had a shorter term of supervised release and would not have violated is speculative at best. Defendant is currently incarcerated for violating a judgment – not for the possession of a quantity of crack cocaine from which § 3582 might offer some relief. Section 3582 is simply inapplicable to defendant's current sentence. Further, defendant has not pointed to any grounds that justify relief here and merely attempts to reargue his position. Defendant's disagreement with the Court's ruling is not an acceptable basis for a motion to reconsider. Accordingly, defendant's motion is DENIED.

SO ORDERED, this __19__ day of ~~March~~ June, 2014.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE